IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02223-CYC

THE ESTATE OF DANIEL FOARD,
by and through its co-personal representatives JIM
FOARD and SUSAN GIZINSKI;
JIM FOARD, individually;
SUSAN GIZINSKI,
individually;

       Plaintiff(s),

v.

SOUTHERN HEALTH PARTNERS, INC.;
THE BOARD OF COUNTY COMMISSIONERS OF THE
COUNTY OF LA PLATA, COLORADO;
SHERIFF SEAN SMITH, in his official capacity;
SIERRA SNOOKS, individually;
ASHLEY BOX, individually;
RANDALL CLARK, individually;
AMANDA DODGE, individually;
PATRICK SCALES, individually;
RYAN DAVIS, individually;
COURTNEY KELLINGER, individually and;
VICTOR LOPEZ, individually;

       Defendant(s).

---

**DEFENDANT SOUTHERN HEALTH PARTNERS, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND**

---

Defendant SOUTHERN HEALTH PARTNERS, INC., by and through its counsel, SHARUZI

LAW GROUP, LTD., hereby submits its Answer to Plaintiffs' Complaint, Affirmative Defenses,

and Jury Demand and in support thereof states as follows:

## I.    <u>INTRODUCTION</u>

1.  Defendant denies the allegations set forth in Paragraph 1 of Plaintiffs' Complaint and demands proof thereof.

2.  Defendant admits that Mr. Borkovec was incarcerated in La Plata County and participated in withdrawal from opiates at the time that SHP nurses cared for him in response to the allegations set forth in Paragraph 2 of Plaintiffs' Complaint.

3.  Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 3 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, such allegations are denied, and Defendant demands strict proof thereof.

4.  Defendant denies the allegations set forth in Paragraph 4 of Plaintiffs' Complaint as written and demands strict proof thereof.

5.  Defendant denies the allegations set forth in Paragraph 5 of Plaintiffs' Complaint as written and demands strict proof thereof.

6.  Defendant denies the allegations set forth in Paragraph 6 of Plaintiffs' Complaint as written and demands strict proof thereof.

7.  Defendant denies the allegations set forth in Paragraph 7 of Plaintiffs' Complaint as written and demands strict proof thereof.

8.  Defendant denies the allegations set forth in Paragraph 8 of Plaintiffs' Complaint as written and demands strict proof thereof.

9.  Defendant denies the allegations set forth in Paragraph 9 of Plaintiffs' Complaint as written and demands strict proof thereof.

10. Paragraph 10 of Plaintiffs' Complaint is not directed to Defendant and, as such, no responsive pleading is required. To the extent that a response is deemed to be required, Defendant denies the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11. Defendant denies the allegations set forth in Paragraph 11 of Plaintiffs' Complaint as written and demands strict proof thereof.

12. Defendant denies the allegations set forth in Paragraph 12 of Plaintiffs' Complaint as written and demands strict proof thereof.

## II.     JURISDICTION AND VENUE

13. Paragraph 13 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent that the allegations set forth in Paragraph 13 of Plaintiffs' Complaint infer or imply negligence or wrongdoing by this Defendant or its personnel, the same are denied, and Defendant demands strict proof thereof.

14. Paragraph 14 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent that the allegations set forth in Paragraph 14 of Plaintiffs' Complaint infer or imply negligence or wrongdoing by this Defendant or its personnel, the same are denied, and Defendant demands strict proof thereof.

15. Paragraph 15 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required. To the extent that the allegations set forth in Paragraph 15 of Plaintiffs' Complaint infer or imply negligence or wrongdoing by this Defendant or its personnel, the same are denied, and Defendant demands strict proof thereof.

### III.    PARTIES

16. Defendant denies knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 16 of Plaintiffs' Complaint.

17. Defendant denies knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 17 of Plaintiffs' Complaint.

18. Defendant denies knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 18 of Plaintiffs' Complaint.

19. Defendant denies knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 20 of Plaintiffs' Complaint.

21. The allegations set forth in Paragraph 21 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

22. The allegations set forth in Paragraph 22 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

23. The allegations set forth in Paragraph 23 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

24. The allegations set forth in Paragraph 24 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

25. The allegations set forth in Paragraph 25 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

26. Defendant admits that it is a Delaware corporation with its principal office located in Tennessee and is registered as a foreign corporation with Colorado's Secretary of State with its registered agent in Littleton, Colorado.

27. Paragraph 27 of Plaintiffs' Complaint sets forth legal conclusions to which no responsive pleading is required.

28. Paragraph 28 of Plaintiffs' Complaint is a denotation by Plaintiffs and does not require a response.

29. Defendant admits that Sierra Snooks, R.N. was and is a citizen of United States and a resident of Colorado and provided care to the decedent in her capacity as an employee with Southern Health Partners. With respect to the remaining allegations set forth in Paragraph 29 of Plaintiffs' Complaint, such allegations set forth conclusions of law to which no responsive pleading is required.

30. Defendant admits that Ashley Box, R.N. was and is a citizen of United States and a resident of Colorado and provided care to the decedent in her capacity as an employee with Southern Health Partners. With respect to the remaining allegations set forth in Paragraph 30 of Plaintiffs' Complaint, such allegations set forth conclusions of law to which no responsive pleading is required.

31. Paragraph 31 of Plaintiffs' Complaint is a denotation by Plaintiffs and does not require a response.

32. Defendant admits that Victor Lopez, M.D. was and is a citizen of United States and a resident of Colorado and an independent contractor with Southern Health Partners, Inc. to provide professional medical services as Medical Director at the La Plata Jail. With respect to the

remaining allegations set forth in Paragraph 32 of Plaintiffs' Complaint, such allegations set forth conclusion of law to which no responsive pleading is required.

33. The allegations set forth in Paragraph 33 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

34. The allegations set forth in Paragraph 34 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

35. The allegations set forth in Paragraph 35 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

36. The allegations set forth in Paragraph 36 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

37. The allegations set forth in Paragraph 37 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

38. The allegations set forth in Paragraph 38 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

## IV.    STATEMENT OF FACTS

39. Defendant admits that, upon information and belief, the decedent was incarcerated at the La Plata County Jail as noted in Paragraph 39 of Plaintiffs' Complaint.  With respect to the remaining allegations set forth in Paragraph 39 of Plaintiffs' Complaint, Defendant relies on the decedent's correctional records.

40. Defendant admits that the decedent died on August 16, 2023, and responds that, with respect to the remaining allegations set forth in Paragraph 40 of Plaintiffs' Complaint, it admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth

in Paragraph 40 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition or allege or infer any allegations of wrongdoing, such allegations are denied, and Defendant demands strict proof thereof.

41. Paragraph 41 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response.

42. Paragraph 42 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 42 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

43. Paragraph 43 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 43 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

44. Paragraph 44 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 44 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

45. Paragraph 45 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 45 are overly general and, as

such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

46. Paragraph 46 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 46 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

47. Paragraph 47 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 47 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

48. Paragraph 48 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 48 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

49. Paragraph 49 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 49 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

50. Paragraph 50 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 50 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

51. Paragraph 51 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 51 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

52. Paragraph 52 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 52 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

53. Defendant admits only to those duties and the scope of nursing practice imposed on nurses by law, denies that the allegations set forth in Paragraph 53 of Plaintiffs' Complaint accurately set forth such duties and scope, and denies that its nurses violated the same. To the extent that the allegations in Paragraph 53 of Plaintiffs' Complaint misstate such duties, nursing practices scope of practice or allege any wrongdoing by this Defendant or its personnel, such allegations are denied.

54. Defendant admits only to those duties and the scope of nursing practice imposed on nurses by law, denies that the allegations set forth in Paragraph 54 of Plaintiffs' Complaint accurately set

forth such duties and scope, and denies that its nurses violated the same. To the extent that the allegations in Paragraph 54 of Plaintiffs' Complaint misstate such duties, nursing practices scope of practice or allege any wrongdoing by this Defendant or its personnel, such allegations are denied.

55.  Defendant admits only to those duties and the scope of nursing practice imposed on nurses by law, denies that the allegations set forth in Paragraph 55 of Plaintiffs' Complaint accurately set forth such duties and scope, and denies that its nurses violated the same. To the extent that the allegations in Paragraph 55 of Plaintiffs' Complaint misstate such duties, nursing practices scope of practice or allege any wrongdoing by this Defendant or its personnel, such allegations are denied

56. Paragraph 56 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

57. Defendant admits that Mr. Foard presented to the La Plata County Jail on August 11, 2023.

58. Defendant admits that it was a party to a service contract in 2023 between the Board of the County of Commissioners of La Plata County and the La Plata County Sheriff.

59. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 59 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

60. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent

that the allegations set forth in Paragraph 60 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

61. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 61 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

62. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 62 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

63. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 63 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

64. Paragraph 64 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

65. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 65 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

66. Defendant denies the allegations set forth in Paragraph 66 of Plaintiffs' Complaint and demands strict proof thereof.

67. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 67 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

68. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 68 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

69. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 69 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

70. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 70 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

71. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 71 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

72. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 72 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing

by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

73. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 73 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

74. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 74 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

75. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 75 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

76. Paragraph 76 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

77. Paragraph 77 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

78. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 78 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

79. Defendant denies the allegations set forth in Paragraph 79 of Plaintiffs' Complaint and demands strict proof thereof.

80. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 80 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

81. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 81 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

82. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 82 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

83. Defendant denies the allegations set forth in Paragraph 83 of Plaintiffs' Complaint and demands strict proof thereof.

84. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 84 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

85. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 85 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

86. Paragraph 86 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 86 are overly general and, as

such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

87. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 87 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

88. Defendant admits only to those duties imposed on nursing staff and in their scope of practice as defined by law, denies that the allegations set forth in Paragraph 88 of Plaintiffs' Complaint accurately set forth such duties and scope and denies that any nurses violated the same. To the extent that the allegations in Paragraph 88 of Plaintiffs' Complaint misstate such duties, the same are denied.

89. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 89 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

90. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 90 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing

by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

91. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 91 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

92. Defendant denies the allegations set forth in Paragraph 92 of Plaintiffs' Complaint and demands strict proof thereof.

93. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 93 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

94. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 94 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

95. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 95 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

96. Defendant denies the allegations set forth in Paragraph 96 of Plaintiffs' Complaint and demands strict proof thereof.

97. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 97 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

98. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 98 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

99. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 99 of Plaintiffs' Complaint misstate or

mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

100.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 100 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

101.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 101 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

102.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 102 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

103.    The allegations set forth in Paragraph 103 regarding the physical layout of the La Plata County Jail are not directed to this Defendant and, as such, no responsive pleading is required.

104.    The allegations set forth in Paragraph 104 regarding the physical layout of the La Plata County Jail are not directed to this Defendant and, as such, no responsive pleading is required.

105.    The allegations set forth in Paragraph 105 regarding a photograph of Mr. Foard are not directed to this Defendant and, as such, no responsive pleading is required.

106.    The allegations set forth in Paragraph 106 regarding a photograph of Mr. Foard are not directed to this Defendant and, as such, no responsive pleading is required.

107.    Paragraph 107 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

108.    Paragraph 108 of Plaintiffs' Complaint is not directed to this Defendant and, as such, no responsive pleading is required.

109.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 109 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

110.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 110 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

111.    Defendant admits that the decedent received care and treatment in the La Plata County Jail
more completely and fully described in his medical records from that facility.  To the extent
that the allegations set forth in Paragraph 111 of Plaintiffs' Complaint misstate or
mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing
by the Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

112.    Defendant admits that the decedent received care and treatment in the La Plata County Jail
more completely and fully described in his medical records from that facility.  To the extent
that the allegations set forth in Paragraph 112 of Plaintiffs' Complaint misstate or
mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing
by the Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

113.    Defendant admits that the decedent received care and treatment in the La Plata County Jail
more completely and fully described in his medical records from that facility.  To the extent
that the allegations set forth in Paragraph 113 of Plaintiffs' Complaint misstate or
mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing
by the Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

114.    Defendant admits that the decedent received care and treatment in the La Plata County Jail
more completely and fully described in his medical records from that facility.  To the extent
that the allegations set forth in Paragraph 114 of Plaintiffs' Complaint misstate or
mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing

by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

115.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 115 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

116.    Defendant denies the allegations set forth in Paragraph 116 of Plaintiffs' Complaint and demands strict proof thereof.

117.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 117 of Plaintiffs' Complaint, the same being deemed denied.

118.    The allegations set forth in Paragraph 118 regarding a photograph of Mr. Foard are not directed to this Defendant and, as such, no responsive pleading is required.

119.    The allegations set forth in Paragraph 119 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

120.    The allegations set forth in Paragraph 120 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

121.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 121 of Plaintiffs' Complaint, the same being deemed denied.

122.    The allegations set forth in Paragraph 122 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

123.    The allegations set forth in Paragraph 123 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

124.    Defendant denies the allegations set forth in Paragraph 124 of Plaintiffs' Complaint and demands strict proof thereof.

125.    The allegations set forth in Paragraph 125 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

126.    The allegations set forth in Paragraph 126 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

127.    The allegations set forth in Paragraph 127 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

128.    The allegations set forth in Paragraph 128 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

129.    Defendant denies the allegations set forth in Paragraph 129 of Plaintiffs' Complaint and demands strict proof thereof.

130.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 130 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

131.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 131 of Plaintiffs' Complaint misstate or

mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

132.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 132 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

133.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 133 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

134.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 134 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

135.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent

that the allegations set forth in Paragraph 135 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

136.    Defendant denies knowledge or information sufficient with this to responds to the allegations set forth in Paragraph 136 of Plaintiffs' Complaint.

137.    Defendant denies the allegations set forth in Paragraph 137 of Plaintiffs' Complaint and demands strict proof thereof.

138.    Defendant denies the allegations set forth in Paragraph 138 of Plaintiffs' Complaint and demands strict proof thereof.

139.    Defendant admits only to those duties imposed on its nurses and in their scope of practice as defined by law, denies that the allegations set forth in Paragraph 139 of Plaintiffs' Complaint accurately set forth such duties and scope and denies that they violated the same. To the extent that the allegations in Paragraph 139 of Plaintiffs' Complaint misstate such duties or imply any allegations of wrongdoing, the same are denied.

140.    Defendant denies the allegations set forth in Paragraph 140 of Plaintiffs' Complaint and demands strict proof thereof.

141.    Defendant denies the allegations set forth in Paragraph 141 of Plaintiffs' Complaint and demands strict proof thereof.

142.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 142 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing

by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

143. Defendant denies the allegations set forth in Paragraph 143 of Plaintiffs' Complaint and demands strict proof thereof.

144. Defendant denies the allegations set forth in Paragraph 144 of Plaintiffs' Complaint and demands strict proof thereof.

145. Defendant denies the allegations set forth in Paragraph 145 of Plaintiffs' Complaint and demands strict proof thereof.

146. Defendant denies the allegations set forth in Paragraph 146 of Plaintiffs' Complaint and demands strict proof thereof.

147. Defendant denies the allegations set forth in Paragraph 147 of Plaintiffs' Complaint and demands strict proof thereof.

148. Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 148 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or Nurse Box's statements to the Colorado Bureau of Investigation, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

149. Defendant denies the allegations set forth in Paragraph 149 of Plaintiffs' Complaint and demands strict proof thereof.

150. Defendant denies the allegations set forth in Paragraph 150 of Plaintiffs' Complaint and demands strict proof thereof.

151.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 151 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied.

152.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 152 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied.

153.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 153 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

154.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 154 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

155.    Paragraph 155 of Plaintiffs' Complaint sets forth medical allegations and conclusions regarding patients generally and does not require a response. To the extent that a response is required, Defendant responds that the allegations set forth in Paragraph 155 are overly general and, as such, must be denied to the extent that Plaintiff has not limited such allegations to the care and treatment at issue in this matter.

156.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 156 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or Nurse Box's statements to the Colorado Bureau of Investigation, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

157.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility. To the extent that the allegations set forth in Paragraph 157 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

158.    Defendant denies the allegations set forth in Paragraph 158 of Plaintiffs' Complaint and demands strict proof thereof.

159.    Defendant denies the allegations set forth in Paragraph 159 of Plaintiffs' Complaint and demands strict proof thereof.

160.    Defendant denies the allegations set forth in Paragraph 160 of Plaintiffs' Complaint and demands strict proof thereof.

161.    The allegations set forth in Paragraph 161 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

162.    The allegations set forth in Paragraph 162 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required.

163.    Defendant denies the allegations set forth in Paragraph 163 of Plaintiffs' Complaint and demands strict proof thereof.

164.    The allegations set forth in Paragraph 164 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 164 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

165.    The allegations set forth in Paragraph 165 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 165 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

166.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 166 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any improper care and treatment by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

167.    The allegations set forth in Paragraph 167 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 167 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

168.    The allegations set forth in Paragraph 168 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 168 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

169.    Defendant denies the allegations set forth in Paragraph 169 of Plaintiffs' Complaint and demands strict proof thereof.

170.    The allegations set forth in Paragraph 170 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 170 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

171.    The allegations set forth in Paragraph 171 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 171 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

172.    The allegations set forth in Paragraph 172 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 172 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

173.    The allegations set forth in Paragraph 173 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 173 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

174.    The allegations set forth in Paragraph 174 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 174 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

175.    The allegations set forth in Paragraph 175 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 175 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

176.    Defendant denies the allegations set forth in Paragraph 176 of Plaintiffs' Complaint and demands strict proof thereof.

177.    The allegations set forth in Paragraph 177 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 177 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

178.    The allegations set forth in Paragraph 178 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 178 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

179.    Defendant denies the allegations set forth in Paragraph 179 of Plaintiffs' Complaint and demands strict proof thereof.

180.    Defendant denies the allegations set forth in Paragraph 180 of Plaintiffs' Complaint and demands strict proof thereof.

181.    The allegations set forth in Paragraph 181 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 181 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

182.    Defendant denies the allegations set forth in Paragraph 182 of Plaintiffs' Complaint and demands strict proof thereof.

183.    The allegations set forth in Paragraph 183 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations

set forth in Paragraph 183 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

184.    The allegations set forth in Paragraph 184 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 184 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

185.    Defendant denies the allegations set forth in Paragraph 185 of Plaintiffs' Complaint and demands strict proof thereof.

186.    The allegations set forth in Paragraph 186 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 186 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

187.    The allegations set forth in Paragraph 187 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 187 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

188.    The allegations set forth in Paragraph 188 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 188 of Plaintiffs' Complaint allege or infer any improper behavior by

this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

189.    The allegations set forth in Paragraph 189 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 189 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

190.    The allegations set forth in Paragraph 190 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 190 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

191.    The allegations set forth in Paragraph 191 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 191 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

192.    The allegations set forth in Paragraph 192 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 192 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

193.    The allegations set forth in Paragraph 193 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 193 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

194.    Defendant denies the allegations set forth in Paragraph 194 of Plaintiffs' Complaint and demands strict proof thereof.

195.    The allegations set forth in Paragraph 195 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 195 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

196.    The allegations set forth in Paragraph 196 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 196 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

197.    The allegations set forth in Paragraph 197 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 197 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

198.    The allegations set forth in Paragraph 198 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 198 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

199.    The allegations set forth in Paragraph 199 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 199 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

200.    The allegations set forth in Paragraph 200 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 200 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

201.    The allegations set forth in Paragraph 201 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 201 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

202.    The allegations set forth in Paragraph 202 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 202 of Plaintiffs' Complaint allege or infer any improper behavior by

this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

203.    The allegations set forth in Paragraph 203 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 203 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

204.    The allegations set forth in Paragraph 204 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 204 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

205.    The allegations set forth in Paragraph 205 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 205 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

206.    The allegations set forth in Paragraph 206 of Plaintiffs' Complaint are not directed to this Defendant and, as such, no responsive pleading is required. To the extent that the allegations set forth in Paragraph 206 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

207.    The allegations set forth in Paragraph 207 of Plaintiffs' Complaint are not directed to this
Defendant and, as such, no responsive pleading is required. To the extent that the allegations
set forth in Paragraph 207 of Plaintiffs' Complaint allege or infer any improper behavior by
this Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

208.    The allegations set forth in Paragraph 208 of Plaintiffs' Complaint are not directed to this
Defendant and, as such, no responsive pleading is required. To the extent that the allegations
set forth in Paragraph 208 of Plaintiffs' Complaint allege or infer any improper behavior by
this Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

209.    The allegations set forth in Paragraph 209 of Plaintiffs' Complaint are not directed to this
Defendant and, as such, no responsive pleading is required. To the extent that the allegations
set forth in Paragraph 209 of Plaintiffs' Complaint allege or infer any improper behavior by
this Defendant or its personnel, such allegations are denied, and Defendant demands strict
proof thereof.

210.    Defendant denies the allegations set forth in Paragraph 210 of Plaintiffs' Complaint and
demands strict proof thereof.

211.    Defendant denies the allegations set forth in Paragraph 211 of Plaintiffs' Complaint and
demands strict proof thereof f.

212.    Defendant denies the allegations set forth in Paragraph 212 of Plaintiffs' Complaint and
demands strict proof thereof.

213.    The allegations set forth in Paragraph 213 of Plaintiffs' Complaint are not directed to this
Defendant and, as such, no responsive pleading is required. To the extent that the allegations

set forth in Paragraph 213 of Plaintiffs' Complaint allege or infer any improper behavior by this Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

214.    Defendant denies the allegations set forth in Paragraph 214 of Plaintiffs' Complaint and demands strict proof thereof.

215.    Defendant denies the allegations set forth in Paragraph 215 of Plaintiffs' Complaint and demands strict proof thereof.

216.    Defendant admits that it is a for-profit corporation providing services in various correctional facilities, including those in Colorado.

217.    Defendant admits that it bid to provide services in the La Plata County Jail and denies knowledge or information regarding the remaining allegations set forth in Paragraph 217, as the same are not directed to this Defendant.

218.    Defendant denies the allegations set forth in Paragraph 218 of Plaintiffs' Complaint and demands strict proof thereof.

219.    Defendant denies the allegations set forth in Paragraph 219 of Plaintiffs' Complaint and demands strict proof thereof.

220.    Defendant admits that it has provided services pursuant to its contract with the Board of the County of Commissioners of La Plata County and the La Plata County Sheriff between 2016 and 2023 in response to Paragraph 220 of Plaintiffs' Complaint.

221.    Defendant denies the allegations set forth in Paragraph 221 of Plaintiffs' Complaint and demands strict proof thereof.

222.    Defendant denies the allegations set forth in Paragraph 222 of Plaintiffs' Complaint and demands strict proof thereof.

223.    Defendant denies the allegations set forth in Paragraph 223 of Plaintiffs' Complaint and demands strict proof thereof.

224.    Defendant denies the allegations set forth in Paragraph 224 of Plaintiffs' Complaint and demands strict proof thereof f.

225.    Defendant denies the allegations set forth in Paragraph 225 of Plaintiffs' Complaint and demands strict proof thereof.

226.    Defendant admits that it has provided services pursuant to its contract with the Board of the County of Commissioners of La Plata County and the La Plata County Sheriff between 2016 and 2023 in response to Paragraph 226 of Plaintiffs' Complaint.

227.    Defendant denies the allegations set forth in Paragraph 227 of Plaintiffs' Complaint and demands strict proof thereof.

228.    Defendant denies the allegations set forth in Paragraph 228 of Plaintiffs' Complaint and demands strict proof thereof.

229.    Defendant denies the allegations set forth in Paragraph 229 of Plaintiffs' Complaint and demands strict proof thereof.

230.    Defendant denies the allegations set forth in Paragraph 230 of Plaintiffs' Complaint and demands strict proof thereof.

231.    Defendant denies the allegations set forth in Paragraph 231 of Plaintiffs' Complaint and demands strict proof thereof.

232.    Defendant denies the allegations set forth in Paragraph 232 of Plaintiffs' Complaint and demands strict proof thereof.

233.    Defendant denies the allegations set forth in Paragraph 233 of Plaintiffs' Complaint and demands strict proof thereof.

234.    Defendant admits that its nurses provided care and treatment to the decedent while he was incarcerated in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 234 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

235.    Defendant admits that its nurses provided care and treatment to the decedent while he was incarcerated in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 235 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

236.    Defendant admits that its nurses provided care and treatment to the decedent while he was incarcerated in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 236 of Plaintiffs' Complaint misstate or mischaracterize the decedent's care, treatment, or condition, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

237.    Defendant denies the allegations set forth in Paragraph 237 of Plaintiffs' Complaint and demands strict proof thereof.

238.    Defendant admits that the decedent received care and treatment in the La Plata County Jail more completely and fully described in his medical records from that facility.  To the extent that the allegations set forth in Paragraph 238 of Plaintiffs' Complaint misstate or

mischaracterize the decedent's care, treatment, or condition, or Nurse Snooks' statements to the Colorado Bureau of Investigation, or allege or infer any wrongdoing by the Defendant or its personnel, such allegations are denied, and Defendant demands strict proof thereof.

239.    Defendant denies the allegations set forth in Paragraph 239 of Plaintiffs' Complaint and demands strict proof thereof.

240.    Defendant denies the allegations set forth in Paragraph 240 of Plaintiffs' Complaint and demands strict proof thereof.

241.    Defendant denies the allegations set forth in Paragraph 241 of Plaintiffs' Complaint and demands strict proof thereof.

242.    Defendant denies the allegations set forth in Paragraph 242 of Plaintiffs' Complaint and demands strict proof thereof.

243.    Defendant denies the allegations set forth in Paragraph 243 of Plaintiffs' Complaint and demands strict proof thereof.

244.    Defendant denies the allegations set forth in Paragraph 244 of Plaintiffs' Complaint and demands strict proof thereof.

245.    Defendant denies the allegations set forth in Paragraph 245 of Plaintiffs' Complaint and demands strict proof thereof.

246.    Defendant denies the allegations set forth in Paragraph 246 of Plaintiffs' Complaint and demands strict proof thereof.

247.    Defendant denies the allegations set forth in Paragraph 247 of Plaintiffs' Complaint and demands strict proof thereof.

248.    Defendant denies the allegations set forth in Paragraph 248 of Plaintiffs' Complaint and demands strict proof thereof.

249.    Defendant denies the allegations set forth in Paragraph 249 of Plaintiffs' Complaint and demands strict proof thereof.

250.    Defendant denies the allegations set forth in Paragraph 250 of Plaintiffs' Complaint and demands strict proof thereof

251.    Defendant denies the allegations set forth in Paragraph 251 of Plaintiffs' Complaint and demands strict proof thereof.

252.    Defendant denies the allegations set forth in Paragraph 252 of Plaintiffs' Complaint and demands strict proof thereof.

253.    Defendant denies the allegations set forth in Paragraph 253 of Plaintiffs' Complaint and demands strict proof thereof.

254.    Defendant denies the allegations set forth in Paragraph 254 of Plaintiffs' Complaint and demands strict proof thereof.

255.    Defendant denies the allegations set forth in Paragraph 255 of Plaintiffs' Complaint and demands strict proof thereof.

256.    Defendant denies the allegations set forth in Paragraph 256 of Plaintiffs' Complaint and demands strict proof thereof.

257.    Defendant denies the allegations set forth in Paragraph 257 of Plaintiffs' Complaint and demands strict proof thereof.

258.    Defendant denies the allegations set forth in Paragraph 258 of Plaintiffs' Complaint and demands strict proof thereof.

259.    Defendant denies the allegations set forth in Paragraph 259 of Plaintiffs' Complaint and demands strict proof thereof.

260.    Defendant denies the allegations set forth in Paragraph 260 of Plaintiffs' Complaint and demands strict proof thereof.

261.    Defendant denies the allegations set forth in Paragraph 261 of Plaintiffs' Complaint and demands strict proof thereof.

262.    Defendant denies the allegations set forth in Paragraph 262 of Plaintiffs' Complaint and demands strict proof thereof

263.    Defendant denies the allegations set forth in Paragraph 263 of Plaintiffs' Complaint and demands strict proof thereof.

264.    Defendant denies the allegations set forth in Paragraph 264 of Plaintiffs' Complaint and demands strict proof thereof.

265.    Defendant denies the allegations set forth in Paragraph 265 of Plaintiffs' Complaint and demands strict proof thereof.

266.    Paragraph 266 of Plaintiff's Complaint sets forth allegations of law to which no responsive pleading is required.  To the extent that Paragraph 266 alleges or infers any wrongdoing by this Defendant or entitlement to damages, Defendant denies the same.

267.    Defendant denies the allegations set forth in Paragraph 267 of Plaintiffs' Complaint and demands strict proof thereof.

268.    Defendant denies the allegations set forth in Paragraph 268 of Plaintiffs' Complaint and demands strict proof thereof.

269.    Defendant denies the allegations set forth in Paragraph 269 of Plaintiffs' Complaint and demands strict proof thereof.

270.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 270 of Plaintiffs' Complaint, the same being deemed denied.

271.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 271 of Plaintiffs' Complaint, the same being deemed denied.

272.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 272 of Plaintiffs' Complaint, the same being deemed denied.

273.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 273 of Plaintiffs' Complaint, the same being deemed denied.

274.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 274 of Plaintiffs' Complaint, the same being deemed denied.

275.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 275 of Plaintiffs' Complaint, the same being deemed denied.

276.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 276 of Plaintiffs' Complaint, the same being deemed denied.

277.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 277 of Plaintiffs' Complaint, the same being deemed denied.

278.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 278 of Plaintiffs' Complaint, the same being deemed denied.

279.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 279 of Plaintiffs' Complaint, the same being deemed denied.

280.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 280 of Plaintiffs' Complaint, the same being deemed denied.

281.    Defendant is without knowledge or information sufficient with which to respond to the
allegations set forth in Paragraph 281 of Plaintiffs' Complaint, the same being deemed denied.

282.    Defendant denies the allegations set forth in Paragraph 282 of Plaintiffs' Complaint and demands strict proof thereof.

283.    Defendant denies the allegations set forth in Paragraph 283 of Plaintiffs' Complaint and demands strict proof thereof.

284.    Defendant denies the allegations set forth in Paragraph 284 of Plaintiffs' Complaint and demands strict proof thereof.

285.    Defendant denies the allegations set forth in Paragraph 285 of Plaintiffs' Complaint and demands strict proof thereof.

286.    Defendant denies the allegations set forth in Paragraph 286 of Plaintiffs' Complaint and demands strict proof thereof.

<u>CLAIMS FOR RELIEF</u>

**FIRST CLAIM FOR RELIEF**
**Violation of 42 U.S.C. §1983-14th Amendment**
**Unconstitutional Medical Care**
(Plaintiff Estate against all Individual Defendants)

287.    Defendant hereby incorporates its answers to Paragraphs 1 through 286 as if fully set forth herein.

288.    Paragraph 288 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required.

289.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 289 of Plaintiffs' Complaint.

290.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 290 of Plaintiffs' Complaint.

291.    Paragraph 291 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive
pleading is required.

292.    Paragraph 292 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive
pleading is required.

293.    Paragraph 293 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive
pleading is required.

294.    Defendant denies the allegations set forth in Paragraph 294 of Plaintiffs' Complaint and
demands strict proof thereof.

295.    Defendant denies the allegations set forth in Paragraph 295 of Plaintiffs' Complaint and
demands strict proof thereof.

296.    Defendant denies the allegations set forth in Paragraph 296 of Plaintiffs' Complaint and
demands strict proof thereof.

297.    Defendant denies the allegations set forth in Paragraph 297 of Plaintiffs' Complaint and
demands strict proof thereof.

298.    Defendant denies the allegations set forth in Paragraph 298 of Plaintiffs' Complaint and
demands strict proof thereof.

299.    Defendant denies the allegations set forth in Paragraph 299 of Plaintiffs' Complaint and
demands strict proof thereof.

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. §1983 – 14th Amendment**
**Unconstitutional Policies**
(Plaintiff Estate against Entity Defendants)

300.    Defendant hereby incorporates its answers to Paragraphs 1 through 299 as if fully set forth
herein.

301.    Paragraph 301 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required.

302.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 302 of Plaintiffs' Complaint.

303.    Defendant is without knowledge or information sufficient with which to respond to the allegations set forth in Paragraph 303 of Plaintiffs' Complaint.

304.    Paragraph 304 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required.

305.    Defendant denies the allegations set forth in Paragraph 305 of Plaintiffs' Complaint and demands strict proof thereof.

306.    Defendant denies the allegations set forth in Paragraph 306 of Plaintiffs' Complaint and demands strict proof thereof.

307.    Defendant denies the allegations set forth in Paragraph 307 of Plaintiffs' Complaint and demands strict proof thereof.

308.    Defendant denies the allegations set forth in Paragraph 308 of Plaintiffs' Complaint and demands strict proof thereof.

309.    Defendant denies the allegations set forth in Paragraph 309 of Plaintiffs' Complaint and demands strict proof thereof.

310.    Defendant denies the allegations set forth in Paragraph 310 of Plaintiffs' Complaint and demands strict proof thereof.

311.    Defendant denies the allegations set forth in Paragraph 311 of Plaintiffs' Complaint and demands strict proof thereof.

312.   Defendant denies the allegations set forth in Paragraph 312 of Plaintiffs' Complaint and demands strict proof thereof.

### THIRD CLAIM FOR RELIEF
### Colo Rev. Stat §13-21-131
### Cruel and Unusual Punishment and Deprivation of Due Process
### Violation of Colorado Constitution, Article 2, Sections 20 & 25
### (Plaintiff Estate and Individual Plaintiffs against Individual County Defendants)

313.   Defendant hereby incorporates its answers to Paragraphs 1 through 312 as if fully set forth herein.

314.   The allegations set forth in Paragraph 314 are not directed to this Defendant and, as such, no responsive pleading is required.

315.   The allegations set forth in Paragraph 315 are not directed to this Defendant and, as such, no responsive pleading is required.

316.   The allegations set forth in Paragraph 316 are not directed to this Defendant and, as such, no responsive pleading is required.

317.   The allegations set forth in Paragraph 317 are not directed to this Defendant and, as such, no responsive pleading is required.

318.   The allegations set forth in Paragraph 318 are not directed to this Defendant and, as such, no responsive pleading is required.

319.   The allegations set forth in Paragraph 319 are not directed to this Defendant and, as such, no responsive pleading is required.

### FOURTH CLAIM FOR RELIEF
### (Negligence resulting in Wrongful Death and Estate Survival Damages)
### Plaintiffs Jum Foard and Susan Gizinski against Defendants Snooks, Box, Lopez and
### SHP)

320.   Defendant hereby incorporates its answers to Paragraphs 1 through 319 as if fully set forth herein.

321.    Defendant admits that it was a party to a service contract in 2023 between the Board of the County of Commissioners of La Plata County and the La Plata County Sheriff.

322.    The allegations set forth in Paragraph 322 set forth conclusions of law to which no responsive pleading is required.

323.    Defendant denies the allegations set forth in Paragraph 323 of Plaintiffs' Complaint and demands strict proof thereof.

324.    Defendant admits only to those duties imposed on it and its personnel by law, denies that the allegations set forth in Paragraph 324 of Plaintiffs' Complaint accurately set forth such duties, and denies that it or its personnel violated the same. To the extent that the allegations in Paragraph 324 of Plaintiffs' Complaint misstate such duties or allege any wrongdoing by this Defendant or its personnel, such allegations are denied.

325.    Paragraph 325 of Plaintiffs' Complaint sets forth conclusions of law to which no responsive pleading is required.

326.    Defendant denies the allegations set forth in Paragraph 326 of Plaintiffs' Complaint and demands strict proof thereof.

327.    Defendant admits only to those duties imposed on it and its personnel by law, denies that the allegations set forth in Paragraph 327 of Plaintiffs' Complaint accurately set forth such duties, and denies that it or its personnel violated the same. To the extent that the allegations in Paragraph 327 of Plaintiffs' Complaint misstate such duties or allege any wrongdoing by this Defendant or its personnel, such allegations are denied.

328.    Defendant denies the allegations set forth in Paragraph 328 of Plaintiffs' Complaint and demands strict proof thereof.

329.    Defendant denies the allegations set forth in Paragraph 329 of Plaintiffs' Complaint and demands strict proof thereof.

330.    Defendant denies Plaintiffs' claim, if any, for punitive damages.

## V.     PRAYER FOR RELIEF

Defendant denies the allegations and prayer set forth in Plaintiffs' Prayer for Relief clause, including subparts (a) through (e) and specifically denies that Plaintiffs are entitled to the requested relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Discovery and/or investigation may reveal that any one or more of the following defenses and/or affirmative defenses should be available to Defendant in this matter. Defendant therefore asserts these defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Defendant may withdraw any of these defenses as may be appropriate. Furthermore, Defendant reserves the right to amend this Answer to assert additional defenses, crossclaims, counterclaims, and any other claims and defenses as discovery proceeds.

Further answering, and by way of defense, Defendant states as follows:

## FIRST DEFENSE

Plaintiffs' Complaint, in part or in whole, fails to state claims upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs may have failed to mitigate their damages. This defense is plead in advance of discovery and for purposes of preservation.

**THIRD DEFENSE**

Plaintiffs' injuries, if any, may be the result, in whole or in part, of pre-existing conditions or other conditions of the decedent unrelated to the incident alleged herein.

**FOURTH DEFENSE**

Plaintiffs may not be the real parties in interest as to all or a portion of the claimed damages, including claims for special damages.

**FIFTH DEFENSE**

Plaintiffs' damages, if any, may have been caused by non-parties at fault pursuant to C.R.S. § 13-21-111.5. Defendant deserves the right to designate any non-parties pursuant to C.R.S. § 13-21-111.5.

**SIXTH DEFENSE**

Plaintiffs' injuries and damages, if any, may have been the result of the decedent's failure to follow reasonable medical advice and instructions of attending physicians and health care providers.

**SEVENTH DEFENSE**

Plaintiffs' damages, if any, must be reduced by all recoveries from collateral sources, including but not limited to health insurance companies, pursuant to the provisions of C.R.S. § 13-21-111.6.

**EIGHTH DEFENSE**

Defendant is entitled to a setoff for all amounts paid by or on behalf of any other party to or on behalf of Plaintiffs.

**NINTH DEFENSE**

Plaintiffs' survival claims are governed by the provisions and limitations contained in the Colorado Health Care Availability Act. Defendant asserts all protections, limitations, and rights afforded under the Act, C.R.S. §§ 13-64-101, *et seq*. Wrongful death claims are governed by Colorado's Wrongful Death statute, C.R.S. §13-21-202 *et seq*.

**TENTH DEFENSE**

The damages claimed may be the result, in whole or in part, of decisions made by the decedent. If so, Plaintiffs' claims must be determined in accordance with C.R.S. § 13-21-111 (comparative negligence), C.R.S. § 13-21-111.7 (assumption of risk), and all other applicable statutes. In addition, Plaintiffs' claimed damages, if any, may be caused by conditions other than those at issue in this matter and/or an intervening or superseding cause.

**ELEVENTH DEFENSE**

Plaintiffs' injuries and damage, of any, may have been caused by subsequent intervening acts.

**TWEVETH DEFENSE**

Plaintiffs' injuries and damage, of any, may have been caused by the conduct of parties over whom Defendant has no control or right to control.

**THIRTEENTH DEFENSE**

Defendant did not cause or contribute to any of Plaintiffs' alleged injuries or damages.

**FOURTEENTH DEFENSE**

Defendant specifically denies that it or any of its personnel or employees engaged in carelessness, gross negligence or reckless disregard for the decedent's life and safety,

constitutional violation and that all care provided was reasonable and pursuant to the applicable standard of care and not in deliberate indifference to Mr. Foard's condition.

**FIFTEENTH DEFENSE**

Defendant is entitled to qualified immunity.

**SIXTEENTH DEFENSE**

Defendant denies that it or any of its employees was the moving force or proximate cause of any harm or injury to Mr. Foard of Plaintiffs.

**SEVENTEENTH DEFENSE**

Defendant affirmatively asserts the defense of "good faith" immunity.

**EIGHTEENTH DEFENSE**

Defendant affirmatively sates that any claim for punitive damages is not properly pled and that the imposition of punitive damages against Defendant or any of its personnel would be improper, unconstitutional and violate the rights of the Defendant.

**NINETEENTH DEFENSE**

Defendant did not create, cause, implement, or enforce a policy or custom or practice that was the moving force behind Plaintiffs' or Mr. Foard's alleged injuries.

**TWENTIETH DEFENSE**

Any damages allegedly suffered by Plaintiffs and/or Mr. Foard were the result of unforeseeable or unavoidable complications due to the underlying conditions of Mr. Foard for which this Defendant is not responsible.

**TWENTY-FIRST DEFENSE**

Any damages allegedly suffered by the Plaintiffs and/or by Mr. Foard were caused by a pre-existing or post-developing, unrelated medical condition, disease, or illness of Mr. Foard for which this Defendant and its personnel are not responsible.

In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

**DEFENDANT DEMANDS A JURY OF TWELVE PEOPLE**

WHEREFORE, Defendant prays that Plaintiffs' Complaint be dismissed or, in the alternative, that judgment be entered in favor of Defendant and against Plaintiffs and for its costs herein expended and for such other relief as the Court may deem just and proper.

Respectfully submitted this 22nd day of October 2025.

**SHARUZI LAW GROUP LTD**

By:     */s/ Stephanie L. Clark*
        Jacqueline B. Sharuzi
        Stephanie L. Clark
        Rachael E. Bandeira
        555 17th Street; Suit 975
        Denver CO 80202
        (303) 226 – 0330
        jackie@sharuzilaw.com
        sclark@sharuzilaw.com
        rbandeira@sharuzilaw.com
        ***Attorneys for Defendants Southern Health
        Partners, Inc., Sierra Snooks, R.N., Ashley
        Box, R.N. and Victor Lopez, M.D.***

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 22nd day of October 2025, the foregoing was filed via the

CM/ECF system, causing a copy of the same to be served on all counsel of record:


Anna Holland Edwards
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
dan@hheglaw.com
anna@hheglaw.com
***Attorneys for Plaintiffs***

Abbey Nicole Derechin
David James Goldfarb
BERG HILL GREENLEAF RUSCITTI LLP
1712 Pearl Street
Boulder, CO 80302
abbey.derechin@bhgrlaw.com
djg@bhgrlaw.com
***Attorneys for the County Defendants***


By:    */s/ Nicole Hammes*
       Nicole Hammes, Legal Assistant